{¶ 16} I agree with the majority opinion except for its statement that "the weight of the evidence and the credibility of the witnesses is left to the trier of fact * * *."[1]
 {¶ 17} This statement is derived from an earlier case: Statev. DeHass, (1967)10 Ohio St.2d 230. I must first note that the Ohio Supreme Court originally qualified the sentence with the word "primarily." Thus in DeHass the sentence read as follows: "In either a criminal or civil case the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." Id. at 231 (emphasis added).
 {¶ 18} I also note that in State v. Lynch
(2003), 98 Ohio St.3d 514 at ¶ 89, and again in the 2004 case of State v.Bryan, 101 Ohio St.3d 272 at ¶ 116, the Supreme Court of Ohio cited the DeHass statement in its analysis of sufficiency of the evidence, not manifest weight of the evidence.
 {¶ 19} I further note that DeHass was a 1967 case and the appeal was on a "question of law." In the later case of State v.Thompkins (1997), 78 Ohio St.3d 380, the Supreme Court of Ohio clearly specified that the reviewing court "weighs the evidence and all reasonable inferences, [and] considers the credibility of witnesses * * *." Id. at 387. This same authority is similarly enunciated in the more recent case of State v. Issa (2001),93 Ohio St.3d 49.
 {¶ 20} The authority of Ohio appellate courts to weigh evidence is derived from the Ohio Constitution, Art IV, §3(B)(3). The deference accorded the trier of fact under the manifest weight of the evidence standard is quite different from what occurs under a sufficiency of the evidence test.
 {¶ 21} In State v. Mattison (1985), 23 Ohio App. 3d 10, 14, this court "delineated the following factors as guidelines orconsiderations" for a reviewing court to take into account when weighing the evidence":
1. that a reviewing court is not required to accept as true the incredible;
2. whether evidence is uncontradicted;
3. whether a witness was impeached;
4. what was not proved;
5. the certainty of the evidence;
6. the reliability of the evidence;
7. whether a witness' testimony is self-serving;
8. whether the evidence is vague, uncertain, conflicting, or fragmentary.
 {¶ 22} This list demonstrates the considerable extent to which matters are not "left" to the trial court under the manifest weight standard. The earlier statement from DeHass,
however, much like a bad penny, keeps turning up in the context of a manifest weight test. I write only to clarify an important qualification ("primarily") and to emphasize DeHass should be limited to a review of sufficiency of the evidence.
[1] The majority refers to State v. Wilson, infra, a case in which the trial and reviewing court relied considerably on a videotape which would have provided the reviewing court with an equal opportunity to judge credibility of witnesses.